UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WAYNARD WINBUSH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:25-CV-493-TAV-DCP |
| TOM SPANGLER, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Waynard Winbush, a federal pretrial detainee in the Knox County Detention Center awaiting trial in a criminal case pending before this Court, *see United States v. Winbush*, No. 3:23-CR-87 (E.D. Tenn.), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is entitled to be released from custody because (1) he was not brought to trial within 120 days of his initial appearance as required by the Interstate Agreement on Detainers ("IAD"), (2) he was not brought timely before a magistrate, and (2) he did not receive certain *Brady*[1] evidence [Doc. 1]. Petitioner has paid the filing fee.

Federal courts must conduct an initial review of all habeas corpus petitions. 28 U.S.C. § 2243. This review requires the presiding judge to dismiss the petition without requiring a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See* Rule 4, Rules Governing

---

[1] In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Section 2254 Cases in the United States District (§ 2254 Rule(s)); *see also* § 2254 Rule 1(b) (permitting application of § 2254 Rules to § 2241 petitions). And upon review, the Court finds this federal habeas petition must be dismissed.

The Court notes violations of the IAD typically cannot form the basis of habeas relief. *See Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988) (holding the IAD did not provide a basis for relief under § 2254). But even if remedies are available to Petitioner under § 2241 for his remaining claims, it is well settled that "a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses that may be raised in his federal criminal prosecution." *Sterett v. Fender*, No. 4:25-CV-692, 2025 WL 2320493, at *1–2 (N.D. Ohio July 31, 2025) (collecting cases); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Because Petitioner seeks IAD relief typically unavailable in a habeas action, and he cannot challenge his pending federal prosecution in a § 2241 action, the Court will deny relief and dismiss the petition.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE